THEOPHILUS COTA *vs.* JOHN ROSS *et al.*

Penobscot, 1876.—April 3, 1877.

*Trustee process.*

A writ of *scire facias* cannot issue against a trustee before his default is shown by the return of an officer on the execution against him.

The return on the execution before the return day will not authorize the issuing of such writ.

It is immaterial to show that the judgment debtor had no property during the life of the execution, if the return by the officer is made before the return day.

The re-enactment of the statute after a judicial construction of its meaning is to be regarded as a legislative adoption of the statute as thus construed.

A trustee on *scire facias* may defend by showing that no legal service was made on the principal defendant.

On REPORT.

SCIRE FACIAS, against trustees.

In the original action, *Cota* v. *Mishoe*, and trustees, reported 62 Maine, 124, the principal defendant was defaulted and these defendants after a jury trial, charged as trustees for $150 less their legal costs taxed at $62.50 ; but declining to pay the balance to the plaintiff, this action was brought which they defended on two grounds. 1. Of insufficient service of the execution issued on the original judgment, and 2d, That, back of that, there was no proper service on the original suit against the principal defendant.

The evidence on the first ground was that the execution on the original judgment was issued November 2, 1874, and immediately placed in the hands of a deputy sheriff of the county, who in a few days thereafter made his return thereon as stated in the opinion : and shortly after November 10, 1874, and before the expiration of thirty days after rendition of judgment, this execution was delivered to N. Wilson, the plaintiff's attorney, in the expectation that said trustees would pay the amount for which they were adjudged liable, over to him. But such payment was not made ; and the execution was again put into the hands of the same officer, who made further returns as follows, viz :

Penobscot, ss., February 4, 1875. I hereby certify that the within named defendant is not and has not been within my pre-

cinct within three months last past, nor within one year, to my knowledge.      H. Lancaster, deputy sheriff.

The evidence on the second ground was, on the part of the plaintiff, the return of the officer on the original writ. This service the defendants sought to impeach, first, by the foregoing certificate of the deputy sheriff on the execution, introduced in evidence by the plaintiff; and secondly, by oral evidence introduced, against the plaintiff's objection, which tended to show that, before the service of the writ, the defendant had absconded beyond the limits of the state and had never returned, and that he left no wife or family in this state. A witness for the plaintiff testified that he had heard the defendant, Mishoe, call the woman with whom he boarded, his wife, and that there was then a young man that he called his son and the young man called him father, that the young man lived there some six months after Mishoe left; that he did not know whether the woman was his wife or not.

The plaintiff filed a written motion, that, if in the opinion of the full court, it was a material fact to further appear in the return of the officer, on the execution, that the principal debtor had no attachable property in the state, during the whole life of the execution, and he therefore returned it wholly unsatisfied, the court allow the amendment to be made by the officer who is now living. This motion was objected to by the defendants, but the granting of the motion, it being made at the April term, was submitted with the whole case, to the judgment of the court.

The plaintiff admitted that no bond was given to the principal defendant by him, after the rendition of judgment and before the issuing of the execution, and that no order of notice was ever issued by the court in the original suit upon the defendant Mishoe.

The defendants admitted that Mishoe was not at any time after the date of the judgment within the jurisdiction of this state, and that he had no attachable property in this state during the life of the execution, and that it remains wholly unsatisfied.

Upon these and other facts stated in the opinion, and upon so much of the evidence as was legally admissible, the case was reported to the full court for such decision as the law requires.

*N. Wilson*, for the plaintiff.

The return of the officer on the original writ was sufficient. R. S., c. 86, § 3. "The officer serving it shall attach the goods and estate of the principal, and read it to him or leave a copy of it at his last and usual place of abode; which shall be a sufficient service on the principal, whether any trustee is held or not."

If such defense could be made to the original action it is now too late. *Smith* v. *Eaton*, 36 Maine, 298.

The return of the officer is conclusive on the parties in the suit; and cannot be contradicted except in an action against the officer for a false return. *Stinson et al.* v. *Snow*, 10 Maine, 263. *Harkness* v. *Farley*, 11 Maine, 491. *Chase* v. *Gilman*, 15 Maine, 64. *Craig et al.* v. *Fessenden*, 21 Maine, 34. *Ruggles et al.* v. *Ives*, 6 Mass., 494.

The service of the execution was sufficient. Practically it was all the while in the custody of the officer, though out of his hands for a short time and with the counsel for the convenience of negotiation with the defendant; which proving useless, it was returned.

It being admitted that the principal defendant was out of the state and had no attachable property in it; it was a useless ceremony for the officer to retain possession of the execution and make search for person and property. The law requires no impossibilities nor any useless service. *Taggard* v. *Buckmore*, 42 Maine, 77. *Woods* v. *Cooke*, 61 Maine, 215, 219. *Craig* v. *Fessenden*, 21 Maine, 34.

The amendment may be allowable. *Woods* v. *Cooke*, 61 Maine, 215.

*S. F. Humphrey & F. H. Appleton*, for the defendant, admitted the general rule that in such *scire facias* nothing can be pleaded which might have been pleaded in the original suit, but made a distinction. At the time the defendants were adjudged trustees, the plaintiff might have procured further continuance and a sufficient service; judgment having been improperly taken after the defendants were adjudged trustees, the defendants had no opportunity or day in court until this proceeding in *scire facias* to make objection. They were guilty of no laches. Citations same as in the opinion.

The defect of want of proper return on the execution cannot be cured by the defendants' admission that Mishoe had no property; for the writ of *scire facias* against a trustee is issued by virtue of a statute; and there must be a conformity to statute requirements.

APPLETON, C. J.   This is an action of *scire facias* against the defendants as trustees of John Mishoe.

The plaintiff recovered judgment at the October term, 1874, of this court against Mishoe, and the defendants as trustees.   Execution was issued thereon November 2, 1874, and immediately placed in the hands of an officer, who made thereon the following return:   "Penobscot, ss., Nov. 5 and 10, 1874.   By virtue of this precept, I have demanded of the within L. Gilbert and John Ross, trustees, the goods, effects and credits of the within named debtor, in the hands and possession of said trustees, which they then and there neglected and refused to discover and expose to me, and being unable to find the goods, estate or body of said debtor, wherewith to satisfy the same, I return this execution in no part satisfied.

H. Lancaster, deputy sheriff."

Shortly after, this execution was returned to the plaintiff's attorney.

The execution was subsequently placed in the same officer's hands, who made thereon the following return :   "Penobscot, ss., Feb. 4, 1875.   I hereby certify that the within named defendant is not and has not been within my precinct within three months past nor within one year to my knowledge.

H. Lancaster, deputy sheriff."

I. This certificate subsequently made cannot aid the plaintiff. Besides it shows, by this return of the officer who served the original writ, that there was no valid service on the principal defendant in that suit.

The provisions of R. S., c. 86, § 67, are precisely identical with those of R. S. 1857, c. 86, § 67.

It was held in *Austin* v. *Goodale*, 58 Maine, 109, in a case precisely like the one at bar that the return of "unsatisfied" made before the return day upon an execution against the principal defendant, would not authorize the issuing of a writ of *scire facias*

after the return day against the person adjudged trustee. This was in accordance with the views of this court in *Roberts* v. *Knight*, 48 Maine, 171. So, it was held in Massachusetts under a similar statute in *Adams* v. *Cummiskey*, 4 Cush. 420, that a writ of *scire facias* could not be lawfully issued against a trustee, before his default is shown by the officer's return on the execution against him, but that a return before the return day would not authorize the issuing of such writ.

When the revision of the statutes was made in 1871, the construction given by this court to c. 86, § 67, was well known. Had there been any intention to change the law, it would have then been done. When the legislature adopt or re-enact a statute, its previous construction as settled by the courts is adopted. After the repeated construction of a statute, its re-enactment upon the revision of the statutes is always regarded as a legislative affirmance of the statute as previously construed by the judiciary. *Mooers* v. *Bunker*, 29 N. H. 420. *Frink* v. *Pond*, 46 N. H. 125. *Osgood* v. *Holyoke*, 48 Maine, 410. *Hughes* v. *Farrar*, 45 Maine, 72.

The decisions of our highest tribunals are the only authority for the greatest part of our law. Nothing can more tend to shake public confidence in its stability than a disregard by the court of its previous adjudications. "It is of less importance," observes Ashurst, J., in *Goodtitle* v. *Otway*, 7 T. R. 395, "how the law is determined, than that it should be determined and certain; and such determination should be adhered to, for then every man may know how the law is." In Nixon's estate, 9 Irish, L. T. R., 32, Christian, L. J., declared : "It is better that the law should be certain, than that it should be abstractly correct." Unless we adhere to previous adjudications, we have nothing but oscillations in our decisions; and litigants can have no certainty that the law of yesterday will be the law of to-morrow.

If the doctrine of *stare decisis* is ever to have force, it is when the repeated adjudications of the courts have received the legislative sanction upon a general revision of preceding statutes. If it be deemed expedient, the legislature can change the law ; but it is not for the court to usurp legislative authority.

The amendment proposed does not cure the defect in the plaintiff's case. It is not a proposition to amend by showing that the officer had the execution in his hands on the return thereof and that he could truly make a return of "unsatisfied" as of that date. It is simply a proposition to add to his return the fact that after its date the debtor had no attachable property in the state during the life of the execution—a fact of no importance in the decision of the case.

II. But the trustees should be discharged on the ground that there has been no legal service on the principal defendant.

The only service made or claimed to have been made on Mishoe, the principal defendant, was by leaving at his last usual place of abode an attested copy of the writ in the original suit. This was done on the December 20, 1872. But the evidence is conclusive that on or about October 8, 1872, Mishoe had absconded and left the state and has never since returned, and that the plaintiff was fully aware of those facts. He had no house and it appears that he was not married. No service has since been made upon him, nor has any bond been filed in accordance with R. S., c. 82, § 4. The execution issued in two days after judgment. The judgment therefore was invalid and voidable, and of this the trustees on *scire facias* can legally avail themselves by way of defense. Such is the view of the law held by the court of Massachusetts in repeated decisions. In *Pratt* v. *Cunliff*, 9 Allen, 90, it was held when one had been summoned as trustee of a firm and had appeared and been charged upon his answer, that *scire facias*, would not lie against him, if the judgment against the principal defendants was invalid for the want of service upon one of them. In *Thayer* v. *Tyler*, 10 Gray, 164, it was decided that a trustee in foreign attachment might object on *scire facias*, that judgment was rendered in the original action at the first term against the principal defendant, who was not in the state at the time of service, without giving the further notice required by statute in such case. A judgment without notice will be reversed by writ of error. *Packard* v. *Matthews*, 9 Gray, 311. The trustee would not have the protection to which he is entitled, if he were to be charged as trustee on a judgment which could be reversed on error or on review.

Hence the trustee on *scire facias,* has been permitted to show that there has been no service on the principal in the original writ or that the service was voidable ; and those facts shown, he is entitled to his discharge. *Judgment for the defendants.*

WALTON, DICKERSON and VIRGIN, JJ., concurred.

DANFORTH, J., concurred with them on the first point ; and with BARROWS and PETERS, JJ., in the result, on the second point.